456 F.2d 213
 In the Matter of Henry S. MARGOLIS, formerly doing business
as Henry S. Margolis Building Contractor, formerly
doing business as Margolis Drafting
Service, Bankrupt.
Henry S. MARGOLIS, Appellant,
v.
Curtis B. DANNING, Trustee in Bankruptcy, Appellee.
 No. 25498.
 United States Court of Appeals,
Ninth Circuit.
 Feb. 23, 1972.
 
 Andrew F. Leoni, of Slate & Leoni, Los Angeles, Cal., for appellant.
 Nathan Markowitz, of Gendel, Raskoff, Shapiro & Quittner, Los Angeles, Cal., for appellee.
 Before ELY, HUFSTEDLER and WRIGHT, Circuit Judges.
 PER CURIAM:
 
 
 1
 This appeal requires us to interpret California statutes that, prior to changes in 1970,[1] governed bankruptcy exemptions for funds deposited in savings and loan associations. The bankrupts, Mr. and Mrs. Henry Margolis, attempted to exempt $1,000 in the Union Federal Savings and Loan Association, a federally chartered institution, and an-other $1,000 in the state chartered Perpetual Savings and Loan Association. The referee and the district court determined that the California statutes allow but one $1,000 exemption for withdrawable share accounts, regardless of the state or federal source of the institution's charter. We affirm.
 
 
 2
 California Financial Code Sec. 7611 exempts $1,000 worth of shares of associations which do not issue stock or investment certificates.[2] Section 11000 of the Financial Code declares:
 
 
 3
 Every federal savings and loan association . . . and the holders of shares or share accounts issued by any such association, respectively, have all the rights, powers, and privileges, and are entitled to the same exemptions and immunities granted, respectively, to savings and loan associations organized under the laws of this State and to the holders of investment certificates, membership shares, or guarantee stock of domestic associations.
 
 
 4
 Prior to 1951, California Code of Civil Procedure Sec. 690.21 provided the only such exemption available, $1,000 worth of guarantee stock or investment certificates in state chartered savings and loan associations. The California legislature in 1951 enacted both Financial Code Sec. 7611[3] and Financial Code Sec. 11000. Cal.Stats.1951, ch. 364. Section 7611 grants exemption to depositors in state chartered savings and loan associations which do not issue guarantee stock or investment certificates. Section 11000 extends the exemptions to depositors in federally chartered savings and loan associations, since no federal statute creates such an exemption.[4]
 
 
 5
 The key question is whether Sec. 11000 creates a second distinct exemption, so that deposits in federal and state associations may both be exempted even though both issue withdrawable shares. We quote with approval the referee's reasoning on this issue:
 
 
 6
 If a person had two $1,000.00 deposits in the same or separate state associations, doubtless the exemption under Section 7611 would apply to but one deposit. If he had a single $1,000 deposit in a federal savings association and none in a state association, unquestionably Section 11000 permits the Section 7611 exemption to apply. Correspondingly, if he had two federal deposits, Section 11000 limits his exemption to that provided in Section 7611, which would be one deposit. Logically, it seems to the writer, if the depositor already had an exemption under Section 7611, who under that section was entitled to but one exemption, Section 11000 could not be used to increase the exemption provided by Section 7611. The purpose of Section 11000 was to place federal depositors on a par with state depositors.
 
 
 7
 The judgment is affirmed.
 
 
 
 [1]
 The California legislature in 1970 amended the exemption statutes to allow only one $1,000 exemption for money deposited in any savings and loan association. Cal. Stats.1970, ch. 1523. The revised exemption statute is now found in the California Code of Civil Procedure Sec. 690.7. Former Civil Procedure Sec. 690.21 and Financial Code Sec. 7611 were repealed
 
 
 [2]
 An independent exemption created by Cal. Code Civ.Proc. Sec. 690.21 for depositors in associations issuing stock was held inapplicable by the referee because neither Union Federal nor Perpetual issues stock
 
 
 [3]
 The difference between stock and shares is explained by Financial Code Sec. 5067 ("shares") and Financial Code Sec. 5068 ("stock")
 
 
 [4]
 "The shares of associations issuing neither stock nor investment certificates, and the dividends credited thereon are exempt from attachment or execution and proceedings supplementary thereto to the value of one thousand dollars ($1,000)."